IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GUY F. HAYS, JR.                                                                                         PLAINTIFF

v.                                Civil No. 15-5167

SHERIFF TIM HELDER;  and
CORPORAL MULVANEY                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the Bowie County Correctional Center in Texarkana, Texas. At the times relevant to this complaint, Plaintiff was incarcerated in the Washington County Detention Center (WCDC) in Fayetteville, Arkansas. During his incarceration in January of 2013 and in February of 2013, at the WCDC, Plaintiff maintains he was denied adequate medical care and his religious rights were violated when he was not allowed to have his medicine bag. Plaintiff names as Defendants Sheriff Tim Helder and Corporal Mulvaney.

The case is currently before me on the Motion to Dismiss (Doc. 8) filed by the Defendants. Plaintiff has responded (Doc. 12) to the Motion. The Motion is ready for decision.

### 1. Background

According to the allegations of the Complaint (Doc. 1), on January 26, 2013, Plaintiff suffered a stroke and fell from the top bunk. On February 5, 2013, Plaintiff submitted a grievance stating he was suffering from sharp pains and numbness on his left side. Plaintiff states he had only

been given Aleve which did nothing to resolve the issue. He alleges that the pain was the worst pain he had ever felt in his life.

Plaintiff was seen by the doctor that day. However, he states he was only given nitroglycerin in a small dose. Plaintiff alleges he was not given adequate medical treatment. When he was transferred to the Arkansas Department of Correction (ADC), Plaintiff asserts he underwent emergency surgery due to a blockage in his heart.

On February 25, 2013,[1] Plaintiff, who indicates he is 100% Cherokee Indian, asked if he could get his medicine bag brought to him. Plaintiff alleges that Corporal Mulvaney responded "no." Plaintiff believes he was discriminated against based on his religion.

As relief, Plaintiff seeks compensatory and punitive damages.

**2. Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it

---

[1] In his statement of the claim (Doc. 1 at pg. 4), Plaintiff refers to the date he was refused his medicine bag as February 25, 2013. The attachments to the Complaint all concern an incident occurring in 2013. I believe Plaintiff's use of the year 2015 in the portion of the Complaint in which he describes the actions taken by Corporal Mulvaney and in his response to the motion to dismiss are simply misstatements. Moreover, reference to Civil Case No. 13-5044 indicates Plaintiff's address was the East Arkansas Regional Unit of the Arkansas Department of Correction in February of 2015.

simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants maintain Plaintiff's claims are subject to dismissal because of the settlement agreement in Hays v. Bradley, et al, Civil No. 13-5044. The settlement agreement was executed on February 15, 2015. As part of the settlement, Plaintiff released all claims against all Washington County Defendants for any and all liability related to Plaintiff's incarceration at the WCDC following his arrest on August 6, 2013, or which arose prior to the execution of the release. With respect to the religious discrimination claims, Defendants also maintain that the Plaintiff has failed to plead sufficient facts to state a claim upon which relief may be granted.

### (A). The Release--Medical Care Claims

Plaintiff agreed to release:

Washington County, Arkansas, and all the past and present agents, servants, officials, and employees, . . . in all capacities (i.e. both official and individual), of and from any and all claims, demands, actions and causes of action which I now have or may hereafter have arising out of or in any way related to any and all liability and damages of each and every kind to date, and of and from any and all liability and damages that have developed or might develop in the future arising out of or in any way related to the arrest and incarceration of Guy F. Hays, beginning on or about August 6, 2013, . . .

It is understood and agreed by the undersigned, Guy F. Hays, that any potential claims, whether currently known or unknown, against any of the parties mentioned in this document which occurred prior to the date of this agreement are understood to be covered by this agreement and are considered settled and forever discharged. This includes but is not limited to any known or unknown Section 1983 claims, constitutional violation claims, negligence claims, and other tort claims.

As noted above, this agreement was signed on February 15, 2015.

A settlement agreement is a compromise of disputed and controverted claims. Southern Farm Bureau Life Ins. v. Burney, 590 F. Supp. 1016, 1021 (E.D. Ark. 1984). Absent fraud or a mutual mistake of fact, settlement contracts should be upheld. Id.

No fraud or mutual mistake of fact is present in this case. The settlement agreement is binding and precludes Plaintiff from bringing any claims related to the incident of January 26, 2013, or any claims that occurred "**prior** to the date of this agreement." (emphasis added).

**(B). The Release--Free Exercise of Religion Claim**

The agreement also precludes Plaintiff's Free Exercise of Religion Claim as that claim arose in February of 2013, well before the agreement was executed. However, as Defendants address the merits of the religious discrimination claim, I will address their argument to provide a full record on review.

**(C). Free Exercise of Religion**

Defendants maintain they are entitled to judgment in their favor on the religious discrimination claim because Plaintiff failed to plead sufficient facts to state a claim upon which relief may be granted. "Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." Turner v. Safley, 482 U.S. 78, 84 (1987). "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); see also Cruz v. Beto, 405 U.S. 319 (1972).

This right, however, is not without limitation. The Supreme Court has recognized that "incarceration brings about the necessary withdrawal or limitation of many privileges and rights." O'Lone, 482 U.S. at 348. "The free exercise right is limited insofar as a prisoner's

adherence to religious practices may be regulated by prison authorities, so long as such regulations are 'reasonably related to legitimate penological interests.'" Murphy v. Carroll, 202 F. Supp. 2d 421, 424 (D. Md. 2002)(quoting Turner, 482 U.S. at 89; O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-349 (1987); Cruz, 405 U.S. at 322); see also Thomas v. Gunter, 32 F.3d 1258, 1259-60 (8th Cir. 1994).

In analyzing a First Amendment free exercise claim, the Court first addresses the "threshold issue of whether the challenged governmental action 'infringes upon a sincerely held religious belief,' and then app[ies] the *Turner* factors to determine if the regulation restricting the religious practice is 'reasonably related to legitimate penological objectives.'" Murphy v. Missouri Department of Corrections, 372 F.3d 979, 983 (8th Cir. 2004). "Prison regulations that infringe on the constitutional rights of prisoners are judged by their reasonableness. Prison officials are not required to choose the least restrictive means possible in furthering administrative interests." Salaam v. Lockhart, 905 F.2d 1168, 1171 (8th Cir. 1990).

Here, Plaintiff's allegations on the religious discrimination claims are that on February 25, 2013, when he asked for his medicine bag, his request was refused despite the fact that he is 100% Cherokee Indian. Plaintiff has not asserted a plausible claim. He does not allege that a policy or action placed a substantial burden on his ability to practice his religion. Patel v. United States Bureau of Prisons, 515 F.3d 807, 813 (2008). He merely makes a conclusory statement that he has been discriminated against. This is insufficient.

### 4. Conclusion

For the reasons stated, I recommend that the Motion to Dismiss (Doc. 8) be **GRANTED** and this case be dismissed.

AO72A
(Rev. 8/82)

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of October 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)