IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GUY F. HAYS, JR.                                                                                          PLAINTIFF

V.                              CASE NO. 5:15-CV-05167

SHERIFF TIM HELDER and
CORPORAL MULVANEY                                                                           DEFENDANTS

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R & R") (Doc. 13) of the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, filed October 22, 2015, which recommends granting Defendants' Motion to Dismiss (Doc. 8). Also before the Court are Plaintiff Guy F. Hays, Jr.'s timely Objections to the R & R (Doc.14). Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the record *de novo* as to all specified proposed findings and recommendations to which Hays has raised objections. The Court has determined that the Objections offer neither law nor fact sufficient to justify deviating from the findings and conclusions announced in the R & R. Accordingly, the R & R is **APPROVED** and **ADOPTED IN ITS ENTIRETY**. Below the Court will address Hays's Objections, beginning with a brief review of the facts alleged in the case.

According to the Complaint, Hays contends that Sheriff Tim Helder and Corporal Mulvaney denied him adequate medical care and violated his religious rights as a full-blooded Cherokee Indian by not permitting him to access his medicine bag[1] while he was incarcerated at Washington County Detention Center in January of 2013. Defendants' position in their Motion to Dismiss is that the facts surrounding Hays's

---

[1] Hays never explains the religious significance, if any, of this medicine bag and only states that it contained "medication sent from the reservation." (Doc. 1, p. 20).

instant Complaint are the same as the facts alleged in an earlier-filed lawsuit brought by Hays in 2013, which was eventually dismissed with prejudice as a result of settlement. *See Guy F. Hays, Jr. v. Nurse Rhonda Bradley, Dr. Howard, Cpl. Sharp, Jailer Mobbs, Jailer Smith, and Nurse Vickery*, Case No. 5:13-CV-05044, Doc. 34.

In the earlier-filed lawsuit, Hays claimed that two nurses, a doctor, and certain officers at the Washington County Detention Center were deliberately indifferent to his serious medical needs, in violation of his constitutional rights.  Hays admits in the Complaint in the case at bar that he filed this earlier lawsuit "dealing with the same facts involved in this action" on March 15, 2013.  (Doc. 1, p. 1).  Further, Hays's Complaint identifies the earlier lawsuit by case number, notes that Magistrate Judge Setser was assigned to the case, and asserts that Hays "won [the] case for $1,000.00." *Id.*  A review of the docket entries in the earlier case[2] confirms that a Joint Motion to Dismiss Due to Settlement was filed on February 25, 2015, and an Order granting the Joint Motion was entered on March 3, 2015.  The case was indeed dismissed with prejudice due to settlement, but the settlement agreement was never filed of record.

Hays filed the instant lawsuit on July 20, 2015, less than five months after the earlier case was dismissed.  Defendants' Motion to Dismiss now argues that Hays should be barred from proceeding with his current claims because he executed a valid settlement and release agreement ("Release")[3] in the earlier case, which covers all

---

[2]  The Court may take judicial notice of the public records of the earlier case without converting Defendants' Motion to a motion for summary judgment.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

[3] The Court has reviewed and considered the Release that was executed by Hays as part of the settlement in the earlier case.  *See* Doc. 8-1.  Details concerning the settlement, including the dollar amount paid to Hays by the defendants in the earlier case, are found in the Release, and this information was voluntarily disclosed *by Hays*

claims in the earlier case arising from his 2013 incarceration at Washington County Detention Center and "any potential claims" against Washington County and its employees "which occurred prior to the date of [the Release]." (Doc. 8-1).

The Magistrate Judge in her R & R recommended granting Defendants' Motion to Dismiss. In response, Hays filed two objections, which the Court will now consider in turn.

Hays begins his Objections by recounting his version of the facts, as set forth in his Complaint. *See* Doc. 14, p. 1. He also claims that it "was proven" in his earlier lawsuit that prison officials violated his Eighth Amendment rights and "that there [sic] medical staff was liable for my pain and suffering for their missdiagnosis [sic] of my medical condition." *Id.* He points out, however, that Defendant Helder and Defendant Mulvaney "were with held [sic]" from the earlier lawsuit, and that is the reason why they are named in the instant suit. *Id.* It appears, therefore, that Hays's Objections assume that the Release he signed in the earlier case does not bar him from asserting the instant claims against these Defendants.

A thorough review of the Release executed on February 15, 2015, reveals that Hays agreed to hold "Washington County, Arkansas, and all the past and present

---

in the Complaint now before the Court. Accordingly, the Court finds that the Release is a document "necessarily embraced" by the Complaint and may properly be considered on a Motion to Dismiss. The Eighth Circuit has held that a trial court reviewing a motion to dismiss may consider those documents "*whose contents are alleged in a complaint* and whose authenticity no party questions, but which are not physically attached to the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (emphasis added). The Court observes that Hays has not challenged the authenticity of the Release in these proceedings; and quite to the contrary, Hays has characterized the settlement in the earlier case as a "win," including in describing the settlement in his Objections to the R & R. *See, e.g.,* Doc. 14, p. 1 ("I did win my case . . . in Hays vs. Bradley 13-5044.").

agents, servants, officials, and employees" harmless as to "any and all liability and damages that have developed or might develop in the future arising out of or in any way related to the arrest and incarceration of Guy F. Hays," including "any known or unknown Section 1983 claims, constitutional violation claims, negligence claims, and other tort claims." (Doc. 8-1, p. 1).

Releases such as the one executed by Hays in the earlier lawsuit are generally "governed by basic principles of contract law." *Sheng v. Starkey Labs., Inc.*, 53 F.3d 192, 194 (8th Cir. 1995). "It is the policy of the law to encourage settlement of litigation and to uphold and enforce contracts of settlement if they are fairly arrived at and not in contravention of law or public policy." *McCoy Farms, Inc. v. J & M McKee*, 263 Ark. 20, 33 (1978). Furthermore, unless fraud or mutual mistake are alleged by either party to the settlement, a court will ordinarily give full effect to the parties' agreement. *See Bishop v. Bishop*, 50 Ark. App. 164, 172 (Ark. Ct. App. 1998).

"*Res judicata* operates when (i) the court that previously adjudicated the claim had jurisdiction to do so, (ii) the previous litigation resulted in a final judgment on the merits, and (iii) the previous suit involved the same cause of action between the same parties, or was based on the same nucleus of operative facts." *Larken, Inc. v. Wray*, 189 F.3d 729, 732 (8th Cir. 1999). And "[w]hen the parties to a previous lawsuit agree to dismiss a claim with prejudice, such a dismissal constitutes a 'final judgment on the merits' for purposes of *res judicata*." *Id.* Considering the law as stated above, it is clear that Hays's Section 1983 claims arising from his arrest and incarceration in 2013, as re-alleged in the instant suit, are barred by *res judicata*. His first objection is overruled.

Hays's second objection relates to his claim of discrimination and/or denial of his right to the free exercise of religion due to his jailors' alleged refusal to let Hays have access to his medicine bag.  For purposes of reviewing the record *de novo* and evaluating Hays's objections, the Court will assume for the sake of argument that Hays is, indeed, of the Cherokee Indian faith.[4]  Regardless, Hays's medicine bag claim, to the extent it arises under the First Amendment to the Constitution or the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb, was brought pursuant to Section 1983.  This claim is therefore barred—as are all Hays's Section 1983 claims related to his 2013 arrest—due to *res judicata*, as the Release signed in the earlier case states that "all the past and present agents, servants, officials, and employees" of Washington County, Arkansas—which would include Defendants Helder and Mulvaney—are to be held harmless for "any known or unknown Section 1983 claims" made by Hays related to his 2013 arrest and incarceration.  (Doc. 8-1, p. 1).

To the extent Hays has attempted to state a claim concerning a religious deprivation that does not arise under Section 1983, such a claim is subject to dismissal due to a lack of plausibility.  As the Magistrate Judge noted in her R & R, Hays has failed to allege that a policy or action implemented by Washington County or by these individual Defendants placed a substantial burden on Hays's ability to practice his religion.  His assertion that he was discriminated against due to his religion is conclusory, at best.  His second objection is therefore overruled, and his claim of religious discrimination will be dismissed without prejudice due to failure to state a

---

[4] Hays also notes in his second objection that Defendant Mulvaney breached "his duty as problem solver to track down or find out [Hays's] real heritage . . . ." (Doc. 14, p. 2). This comment alludes to various attempts by Mulvaney and other jail personnel to confirm with the Cherokee Nation that Hays is a registered member of the tribe.

claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (finding that a claim is subject to dismissal when it lacks facial plausibility and is only supported "by mere conclusory statements").

In light of the above reasoning, **IT IS ORDERED** that the R & R (Doc. 13) is **APPROVED** and **ADOPTED IN ITS ENTIRETY**. Accordingly, Defendants' Motion to Dismiss (Doc. 8) is **GRANTED**. Hays's claim regarding the denial of adequate medical care is **DISMISSED WITH PREJUDICE**, and his claim regarding religious discrimination in the denial of access to his medicine bag is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** on this 25th day of February, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE